# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>MICHAEL RECKER,<br><br>        Defendant. | No. CR12-2003-LRR<br><br><br>ORDER |

The matter before the court is the defendant's motion to dismiss the superseding indictment (docket no. 52), filed on March 7, 2012, second motion to dismiss the superseding indictment (docket no. 56), filed on March 9, 2012, and third motion to dismiss the superseding indictment (docket no. 57), filed on March 13, 2012. The government filed a resistance (docket no. 58) to the defendant's motions to dismiss the superseding indictment on March 13, 2012. The defendant filed three replies (docket nos. 66, 67 & 69) on March 23, 2012. The court finds that this matter is fully submitted and ready for decision.

In his motions to dismiss the superseding indictment, the defendant argues that the superseding indictment violates his constitutional rights. Specifically, the defendant asserts that the government's reliance on a 1991 misdemeanor conviction for domestic abuse assault to prosecute him under 18 U.S.C. § 922(g)(9) violates the Ex Post Facto Clause. The defendant's contentions regarding his constitutional rights fail as a matter of law. *See United States v. Pfeifer*, 371 F.3d 430, 436-37 (8th Cir. 2004) (concluding that prosecution under 18 U.S.C. § 922(g)(9) does not violate the Ex Post Facto Clause because the prohibited conduct, that is, possession of a firearm, occurred after the statute's enactment) (citing *United States v. Hemmings*, 258 F.3d 587, 594 (7th Cir. 2001), *United States v. Mitchell*, 209 F.3d 319, 322-23 (4th Cir. 2000), and *United States v. Brady*, 26 F.3d 282,

290-91 (2d Cir. 1994)); *United States v. Wilhelm*, 65 F. App'x 619, 620 (9th Cir. 2003) (rejecting ex post facto challenge to 18 U.S.C. § 922(g)(9)); *United States v. Rivera*, 24 F. App'x 2, 3 (D.C. Cir. 2001) (concluding that constitutional challenge failed because defendant could not show that the law applied to events occurring before the enactment of 18 U.S.C. § 922(g)(9) or that it increased the punishment for prior conduct); *United States v. Frye*, 1998 U.S. App. LEXIS 23357 *2-3 (4th Cir. 1998) (same); *see also United States v. Hutzell*, 217 F.3d 966, 968-69 (8th Cir. 2000) (concluding that no due process violation occurred where defendant asserted that 18 U.S.C. § 922(g)(9) did not give him notice that his ability to own a gun might be subject to restrictions because he had previously been convicted of a violent crime); *United States v. Lewitzke*, 176 F.3d 1022, 1025-27 (7th Cir. 1999) (finding 18 U.S.C. § 922(g)(9) does not run afoul of equal protection principles). Because neither the facts relied on by the defendant nor federal law establish that dismissal of the superseding indictment is warranted, the defendant's motion to dismiss the superseding indictment (docket no. 52), second motion to dismiss the superseding indictment (docket no. 56) and third motion to dismiss the superseding indictment (docket no. 57) are denied.

    **IT IS SO ORDERED**.
    **DATED** this 2nd day of April, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA