# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR12-2003-LRR |
| vs. | |
| MICHAEL RECKER, | ORDER |
| Defendant. | |

The matter before the court is the government's motion in limine (docket no. 50). The government filed such motion on March 5, 2012. The defendant filed a resistance (docket no. 63) on March 15, 2012. The government did not file a reply.

Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible." "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also United States v. Mora*, 81 F.3d 781, 783 (8th Cir. 1996) ("Relevance of evidence 'is established by any showing, however slight, that [the evidence] makes it more or less likely that the defendant committed the crime in question.'" (alteration in original) (quoting *United States v. Casares-Cardenas*, 14 F.3d 1283, 1287 (8th Cir. 1994))). Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Consistent with the findings made during the final pretrial conference, the government's motion in limine (docket no. 50) is granted. The Federal Rules of Evidence prevent the defendant from offering evidence or presenting argument pertaining to the validity of his prior convictions or the constitutionality of 18 U.S.C. § 922(g)(9) because it is either not relevant to any issue in dispute or, if relevant, its probative value is substantially outweighed by the dangers of unfair prejudice, confusion, misleading the jury and wasting time. *See* Fed. R. Evid. 402; Fed. R. Evid. 403. During trial, the defendant is not able to challenge the factual basis for his prior convictions, which includes but is not limited to the mental health of his ex-wife and any recantation that she may have made after the defendant was convicted. In addition, the defendant is not able to present evidence that shows he is trying to invalidate or vacate his prior convictions or that they have been automatically expunged by the State of Iowa. Lastly, the defendant cannot ask questions or admit evidence that attempts to establish that the government's prosecution of him under 18 U.S.C. § 922(g)(9) is unlawful or unconstitutional. The defendant is prohibited from presenting to the jury legal arguments that suggest the government is not able to prosecute him. This includes but is not limited to legal arguments that are based on his right to bear arms or on ex post facto, due process, equal protection, double jeopardy and interstate nexus principles. Nothing, however, prevents the defendant from challenging the government's evidence or presenting his own evidence and argument that is of consequence to the determination of any of the three essential elements that the government must prove beyond a reasonable doubt. This includes but is not limited to evidence or argument that has a tendency to address whether he and the victims of his prior

assaults had a domestic relationship as that term is defined in 18 U.S.C. § 921(a)(33)(A)(ii).

**IT IS SO ORDERED**.

**DATED** this 26th day of April, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA