# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR12-2003-LRR |
| vs. | |
| MICHAEL RECKER, | ORDER |
| Defendant. | |

___

The matter before the court is the government's motion in limine (docket no. 51). The government filed such motion on March 5, 2012. The defendant filed a resistance (docket no. 64) on March 15, 2012. The government did not file a reply.

Here, the court must determine whether the defendant's 1991 conviction for domestic abuse assault under Iowa Code section 708.2A(2)(a) and his 2004 conviction for simple assault under Iowa Code section 708.1 qualify as predicate offenses for purposes of 18 U.S.C. § 922(g)(9), which provides that it is "unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence . . . [to] possess in or affecting commerce, any firearm or ammunition."

> The term "misdemeanor crime of domestic violence" means an offense that—
>
> (i) is a misdemeanor under Federal, State, or Tribal law; and
>
> (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabitating with or has cohabitated with the

> victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim . . .

18 U.S.C. § 921(a)(33)(A). Such statute imposes two requirements: (1) a "misdemeanor crime of violence" must have, "as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon" and (2) it must be "committed by" a person who has a specified domestic relationship with the victim. *See United States v. Hayes*, 555 U.S. 415, 426 (2009). With respect to the first requirement, the court must determine whether a predicate offense has, as an element, the use or attempted use of force. *See, e.g.*, *United States v. Smith*, 171 F.3d 617, 620 (8th Cir. 1999); *see also* Fed. R. Evid. 104 (requiring the court to address preliminary questions). Concerning the second requirement, the government "must prove beyond a reasonable doubt that the victim of the predicate offense was the defendant's current or former spouse or was related to the defendant in another specified way." *Hayes*, 555 U.S. at 426.

Consistent with the findings made during the final pretrial conference, the government's motion in limine (docket no. 51) is granted. Having reviewed the record, which includes the relevant state court documents, and having looked at the fact of conviction and the statutory definition of each predicate offense, the court concludes that the defendant's 1991 conviction for domestic abuse assault under Iowa Code section 708.2A(2)(a) and his 2004 conviction for simple assault under Iowa Code section 708.1 qualify as predicate offenses for purposes of 18 U.S.C. § 922(g)(9) because both of them have the use or attempted use of physical force as an element.[1] The relevant statutes, that

---

[1] With respect to the 1991 conviction for domestic abuse assault, the court notes that, although initially charged under Iowa Code section 708.2A(2)(b), the defendant entered into an agreement with the State of Iowa and pleaded guilty under Iowa Code section 708.2A(2)(a). Also, concerning the 2004 conviction for simple assault, the defendant pleaded guilty under Iowa Code section 708.1, but he was initially charged in a criminal complaint under Iowa Code section 708.2A(3)(a), then charged pursuant to a
(continued…)

is, Iowa Code section 708.2A(2)(a) and Iowa Code section 708.1, and the relevant state court documents establish that the defendant entered guilty pleas in 1991 and 2004 and these pleas are consistent with the definition of assault that is included under Iowa Code section 708.1(1), which provides that "[a] person commits an assault when, without jurisdiction, the person does . . . [a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act." Because the defendant was charged and pleaded guilty to offenses under Iowa Code section 708.1(1) rather than either Iowa Code section 708.1(2) or Iowa Code section 708.1(3), both predicate offenses fall within the meaning of 18 U.S.C. § 921(a)(33)(A). *Cf. Smith*, 171 F.3d at 621 (considering Iowa Code section 708.1(1) and holding that defendant was charged and pleaded guilty to an offense with an element of physical force that comports with 18 U.S.C. § 921(a)(33)(A)).

Accordingly, the court will instruct the jury that, as a matter of law, the 1991 conviction for domestic abuse assault qualifies as a predicate offense if the jury finds beyond a reasonable doubt that the victim of such predicate offense was the defendant's former spouse. Similarly, it will instruct the jury that, as a matter of law, the 2004 conviction for simple assault qualifies as a predicate offense if the jury finds beyond a

---

¹(…continued)
trial information under Iowa Code sections 708.2A(2)(b), 708.1 and 236.2 and, as a result of a motion to amend, subsequently charged under Iowa Code section 708.2A(2)(a). *Cf. State v. Roe*, 642 N.W.2d 252, 253-55 (Iowa 2002) (distinguishing between a conviction for domestic assault and a conviction for simple assault); *see also State v. Lambert*, 612 N.W.2d 810, 816 (Iowa 2000) (listing elements for simple assault). The defendant does not dispute the government's legal or factual assertions, and the defendant offers no facts or argument with respect to whether his prior convictions have, as an element, the use or attempted use of physical force. Because it appears that neither the 1991 guilty plea nor the 2004 guilty plea are supported by any amended or substituted stipulation or basis, the relevant state court documents establish that the defendant pleaded guilty to predicate offenses that included the use of physical force.

reasonable doubt that the victim of such predicate offense was the defendant's former spouse. Because the 1991 conviction for domestic abuse assault and the 2004 conviction for simple assault qualify as predicate offenses, the government will be permitted to admit into evidence copies of the relevant state court documents. *See* Fed. R. Evid. 902; Fed. R. Evid. 1005. As indicated by the government in its motion in limine, it should take steps to avoid any unfair prejudice to the defendant when offering exhibits that are related to the predicate offenses and when soliciting testimony from its witnesses. The relevant state court documents should be redacted so that they do not contain descriptions of the assaults, descriptions of the injuries suffered by the victims and photographs of the victim of the 1991 assault, and both victims should be instructed not to testify about any details surrounding the assaults.

**IT IS SO ORDERED**.

**DATED** this 26th day of April, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA